■ MARVIN P. MARX, Respondent, v. JOSEPH MINASI, Defendant and Third-Party Plaintiff-Appellant, et al., Respondent. STATE FARM MUTUAL AUTO INSURANCE COMPANY, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, defendant and third-party plaintiff Minasi (1) appeals from an order of the Supreme Court, Westchester County, entered March 27, 1973, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint (the order did not pass upon the third-party plaintiff's cross motion to sever the third-party action from the main action), and (2) also appeals, as limited by his brief, from so much of a further order of said court, dated May 25, 1973, as, upon reargument and " renewal " of said motion for summary judgment, adhered to the original decision. Order of March 27, 1973 reversed and order of May 25, 1973 reversed insofar as appealed from, without costs; motion for summary judgment or dismissal of the third-party complaint denied; third-party plaintiff's cross motion granted; third-party action severed from plaintiff's negligence action; and the third-party action shall be deemed an action for a declaratory judgment and shall be tried before the negligence action. It appears that plaintiff was injured while a passenger in his own motor vehicle, which was then being operated by defendant Minasi. Minasi is presently being defended by

Marx's insurer, Employers Insurance of Wausau, since his driving with Marx's permission rendered him an "additional insured" under Marx's insurance policy. Minasi, through his insurer-provided attorneys, interposed the third-party complaint, against respondent State Farm Mutual Auto Insurance Company, claiming that State Farm is required to provide him with a defense and coverage under insurance policies issued to his father and sister, because, as a relative residing in the same household, he qualified as an "insured", under their policies, with respect to a nonowned vehicle operated with permission of the owner. Special Term granted State Farm's motion for summary judgment dismissing the third-party complaint upon its submission of an unsworn written statement signed by Minasi a little more than a month after the accident in which he denied being a resident of his family's household at the time of the accident. Thereafter, Minasi's attorneys moved for reargument and "renewal" of State Farm's motion and Minasi's cross motion for severance, alleging that they could not locate Minasi, but submitting an official "Accident Report", prepared on the date of the accident by the responding police officer and apparently based upon information given by Minasi, as Marx was unconscious at the time, which listed Minasi's address as that of his father's home. Special Term granted the motion for reargument and "renewal", but adhered to its prior decision. In our opinion, although stronger opposing evidence might have been available, there was nevertheless created a genuine issue of fact as to whether or not Minasi actually resided in his family's household on the date of the accident. Therefore, a trial should be had. Furthermore, to avoid prejudice, we are hereby directing that the third-party action be severed from the main action and be deemed an action for a declaratory judgment with respect to the issues of insurance coverage and that the declaratory judgment action be tried before the trial of plaintiff's negligence action. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.